# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **DALE SCOTT TROTTIER,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | Case No. CV-10-S-2472-M |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM OPINION AND ORDER OF REMAND

Claimant, Dale Trottier, commenced this action on September 14, 2010, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly evaluated the medical evidence from his treating physician. Upon review of the record, the court concludes that these contentions have merit, and that the case is due to be remanded to the Commissioner for further proceedings.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 416.927(e).

Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate:  the extent of the examining or

treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Dr. D.E. Salisbury, who had treated claimant since September of 2007, submitted a memo dated September 29, 2009, stating, "In my opinion as a medical doctor I believe that Dale Trottier can be expected to miss 25-30 days per year from work due to medical conditions for the following reasons: thoracic spine syrinx with chronic pain syndrome."[1] On a "Social Security Disability Questionnaire" completed the same day, Dr. Salisbury checked a box indicating that he found claimant to be disabled under the following definition:

> The Social Security law defines disability as the inability to do any substantial gainful activity due to any medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of at lest twelve (12) months. The impairment must be so severe as to prevent the person from working not only in his or her usual occupation but in any other substantial gainful

---

[1] Tr. 399. One medical dictionary defines a "syrinx" as "an abnormal cavity in the spinal cord in syringomyelia." "Syringomyelia" is defined as "a slowly progressive syndrome of cavitation in the central segments of the spinal cord . . . ." *Dorland's Illustrated Medical Dictionary* 1841 (30th ed. 2003).

activity considering the claimant's residual functional capacity, age, education, and work experience.[2]

Dr. Salisbury again explained that claimant had been diagnosed with thoracic spine syrinx with chronic pain syndrome, and that he experienced the following limitations: "no prolonged standing, walking or sitting; no lifting more than 10 lbs; limited bending, stooping, squatting."[3] He indicated that claimant's disability would continue for 99 years.[4] On a Clinical Assessment of Pain form (also dated September 29, 2009), Dr. Salisbury indicated that pain was "present, irretractable, and incapacitating" to claimant, and that physical activity would increase claimant's pain to such an extent that bedrest and/or medication would be necessary.[5]

The ALJ considered Dr. Salisbury's assessment, but he assigned it no weight, reasoning that, when the form was completed, Dr. Salisbury had not seen claimant for his back since April of 2009, at which time claimant noted that medication relieved his back pain.[6] Claimant asserts that the ALJ's reasoning is not supported by the record, and this court agrees. On June 18, 2009, Dr. Salisbury noted that claimant experienced a "constant ache (headache) and lower back" at a level of 7.[7] On July 9,

---

[2] Tr. 398.
[3] Id.
[4] Id.
[5] Tr. 397.
[6] Tr. 14.
[7] Tr. 360.

4

2009, Dr. Salisbury noted that claimant felt like his back pain was getting worse.[8]

As the only reason the ALJ provided for rejecting Dr. Salisbury's assessment is not supported by the record, this court cannot say that there was good cause for the ALJ's decision to reject the treating physician's opinion. As such, his decision was supported by substantial evidence. Remand is warranted for the ALJ to give further consideration to Dr. Salisbury's opinion after reviewing *all* the medical evidence, and to conduct any further proceedings he deems necessary to make a determination of disability.

Based on the foregoing, the decision of the Commissioner is reversed, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

The Clerk of Court is directed to close this file.

DONE this 3rd day of May, 2011.

_____
United States District Judge

---

[8] Tr. 393.